In re FORSE et al.

(District Court, N. D. New York. October 10, 1910.)

BANKRUPTCY (§ 140*)—PROPERTY PASSING TO TRUSTEE — CONTRACT OF CONDITIONAL SALE.

Bankrupts purchased a stock of goods and store fixtures, to be paid for in installments; the contract providing that title to the fixtures should remain in the seller until the price of both stock and fixtures should be fully paid. *Held*, that such contract was one of conditional sale of the fixtures, with reservation of title until they were paid for, and also a mortgage of the vendee's interest therein to secure payment for the stock of goods; that, while it was invalid as a chattel mortgage for want of record, it was valid as a conditional sale; and, it not appearing that the fixtures had been paid for, the seller was entitled to recover them or their proceeds, when sold by the trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

In the matter of Amos L. Forse and George W. Roseboom, individually and as members of the partnership of Forse & Roseboom, bankrupts. Controversy over the title to $131, claimed by W. A. Neff, being the proceeds of certain personal property sold by the trustee free and clear of incumbrances, under agreement that liens, if any, should attach to such proceeds. Order in favor of claimant.

V. H. Multer, for trustee.
H. C. Stratton and V. D. Stratton, for claimant Neff.

RAY, District Judge. October 8, 1908, by an instrument in writing duly executed, but never filed as a chattel mortgage, one Jones agreed to sell to Forse & Roseboom, who agreed to purchase same, his stock of goods, store furnishings, and fixtures. For the goods they were to pay the cost price, and for the fixtures a sum to be agreed upon or fixed by arbitration, and, when agreed upon, the whole sum was to be paid as follows: $100 or more December 26, 1908, and $100 or more monthly thereafter until the whole purchase price and interest should be paid. Then followed this clause:

"It is further understood and agreed that the title to all fixtures shall be and remain in the said party of the first part until said contract price for said stock and fixtures is fully paid."

The money in dispute is the proceeds of the sale of such fixtures (so called).

The contract then provided that Forse, to secure the payment by Forse & Roseboom of the contract price for the said goods and fixtures, should execute and deliver to Jones a bond conditioned for the payment of the purchase price of the stock and fixtures, and as collateral to said bond execute and deliver a mortgage on certain described real estate, such mortgage to be subject to two others, viz., one of $1,000 held by one Scott, and the other for $300 held by one Smith. The possession of the goods and merchandise and fixtures was delivered to Forse & Roseboom.

The purchase price of the goods and fixtures was fixed at $2,481.25, and the bond and mortgage given. On the bond is indorsed certain payments made between December 26, 1908, and June 15, 1909, aggregating $500. The balance due is $2,057.77. On November 7, 1908, for a good and valuable consideration, Jones by instruments in writing duly executed, sold, assigned, and transferred such contract or agreement and the moneys unpaid thereon and his interest in the personal property and fixtures and also such bond and mortgage to Wealtha A. Neff, the claimant here. The bond and mortgage refer to the contract of sale, and state that they are given to secure the payments in such contract provided for. There is no claim, or evidence at least, that such bond and mortgage were received in payment for the fixtures. They were in fact collateral security for the payments on the contract agreed to be made by Forse & Roseboom.

Forse and Roseboom were duly adjudicated bankrupts, and on a foreclosure of a prior mortgage on the real estate mortgaged to Jones there was a surplus of 962.20, which is now in the hands of the county treasurer of the county of Broome, N. Y., and said Neff has filed her claim to such surplus. In the proceedings as to such surplus it appears that $2,078.72 is due Neff on such bond and mortgage.

It was competent for Jones to assign the contract of sale and the debt due him represented thereby, and also his interest in all the personal property mentioned therein, and also to assign to the same person the bond and mortgage given to secure the payments therein provided for. The same title and interest and rights possessed by Jones passed to Neff. There is no proof or presumption that the so-called fixtures, conceded to have been personal property, were paid for by the $500 paid on the mortgage. It was expressly agreed that the title to the fixtures should not pass from Jones to Forse & Roseboom until they were paid for, and also that such title should not pass until the other goods were paid for. Assuming that the agreement that the title to the fixtures should not pass until the purchase price of the other goods was paid was in its nature a chattel mortgage, as a pledge of the interest of Forse & Roseboom in such fixtures for the payment of purchase price of the other property, and as such was void, for want of filing as a chattel mortgage, as to creditors and purchasers in good faith, and hence as to the trustee in bankruptcy, still the contract pro-

vided in express terms that no title in the fixtures should pass to Forse & Roseboom until paid for. This was a valid agreement, and operated to retain the title thereto in Jones, and this title he expressly transferred to Neff. I see no objection to providing, in a contract for the sale of certain articles to be used up and a horse, for instance, that title to the horse shall remain in the vendor until paid for and until the articles to be used up are paid for; the latter part of the agreement being in the nature of a chattel mortgage, and the former, as to title, a mere conditional sale. As to the horse, and as a conditional sale thereof, filing is not required, and no title passes. As to the pledge as security for the purchase price of the other goods, it is a chattel mortgage, and must be filed as such in order to be good as against a trustee in bankruptcy.

It is said this is giving to the contract a dual character—first, that of a mere conditional sale as to the horse; and, second, that of a chattel mortgage as to the pledge of. the horse as security for the other goods. But I know of no law forbidding such a contract. It is all one instrument, but relates to two distinct subject-matters. In the case at bar it was evidently the intention of the parties that no title to ·the fixtures should pass until paid for, but that, if paid for in whole or in part, possession being surrendered, such fixtures should stand pledged as security for the balance ef the debt for the merchandise agreed to be sold at the same time and as a part of the same transaction.

There is nothing in the contract or bond or mortgage which in any way indicates that title to the fixtures is recognized to be in Forse & Roseboom, or that it is to be until the purchase price of the fixtures is fully paid, unless it be that it is stated that title is to remain in Jones until the debt for the other goods is paid. But this is not a recognition or indication that title has passed or is to pass until the fixtures are paid for. It raises the question whether Forse & Roseboom had such an interest in ·the fixtures under the contract to purchase them, title remaining in the vendor and the sale being conditional, that they could pledge or mortgage that interest as security for the purchase money of the other goods. If, being in possession, they could mortgage their interest, and the mortgage would have taken effect as such as security for the payment of the purchase price of the other property, if filed, but was void for want of filing, that question is not here. As there was but a conditional sale of the fixtures, and, not having been paid for, title remained in Jones and passed to Neff, I must construe the contract as a mere conditional sale of the fixtures and a mortgage of the vendee's interest therein as security for the payment of the purchase price of the other goods. True, the contract is to be read as one entire instrument; but it does not follow that, because a chattel mortgage as security, for the purchase price of the stock of goods, it was also a mortgage as to the purchase price of the fixtures.

In the absence of evidence that the fixtures were paid for, and in the presence of the conceded fact that the $131 is the proceeds of the sale of the fixtures, I am compelled to hold that title to the fixtures at the time of bankruptcy was in Neff, and hence that title to the proceeds of their sale is in her.